**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **COLIN SCOTT KANA'I CORREA,** |
| **Plaintiff,** |
| **-against-** |
| **ROBIN CARNAHAN, ADMINISTRATOR, U.S. GENERAL SERVICES ADMINISTRATION, et al.,** |
| **Defendants.** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  _12/19/2022_____

**22-CV-10213 (ALC)**

**ORDER OF SERVICE**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, alleging that his employer discriminated against him based on his race, color, sex, and age. Plaintiff sues Robin Carnahan, Administrator of the U.S. General Services Administration ("GSA"); Aluanda Drain, Associate Administrator for Civil Rights; and Andrea M. O'Neal, Senior Advisor to the Administrator for Equity. By order dated December 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's claims under § 1981 and against Drain and O'Neal and directs service on Defendant Carnahan.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when

the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Claims under 42 U.S.C. § 1981

Section § 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." An amendment to § 1981 clarifies that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law " 42 U.S.C. § 1981(c). "[T]he phrase 'under color of state law' as used in [§ 1981 and] related civil rights statutes . . . [applies] only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). Plaintiff therefore cannot state a claim under § 1981 for employment discrimination against the federal defendants he sues. Accordingly, the Court dismisses Plaintiff's claims under § 1981 claims.

### B.    Claims against Drain and O'Neal

Employment discrimination actions brought by government employees under Title VII or the ADEA must be brought against the head of the agency in which the allegedly discriminatory acts occurred. *See* 42 U.S.C. § 2000e–16(c) (a complainant may raise an administratively exhausted claim under Title VII against the "head of the department, agency, or unit"); 29 C.F.R. § 1614.201(a) ("an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency"); *see McMahon v. Napolitano*, No. 13-CV-1404, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (In a case against

a "federal agency or department, only the official Agency or Department head may be named."). However, other individual employees are not proper defendants under Title VII or the ADEA. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) (Individual defendants, even those with supervisory control over a plaintiff, may not be held personally liable under Title VII.), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998); *Guerra v. Jones*, 421 F. App'x. 15, 17 (2d Cir. 2011) (The ADEA does not subject individuals, "even those with supervisory liability over the plaintiff," to personal liability.).

Plaintiff brings discrimination claims arising out his employment at the GSA. The head of the GSA is Carnahan, the Administrator of the GSA. Plaintiff cannot, however, hold Drain or O'Neal liable under Title VII or the ADEA for the alleged discriminatory conduct. The Court therefore dismisses Plaintiff's claims against Drain and O'Neal.

## C.    Service on Carnahan

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Carnahan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

(1) mark the box on the USM-285 form labeled "Check for service on U.S.A.," (2) issue a summons for Carnahan, and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff's claims against Drain and O'Neal are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to (1) issue a summons for Carnahan (2) complete the USM-285 form with the address for this defendant, (3) mark the box on the USM-285 forms labeled "Check for service on U.S.A.," and (4) deliver to the U.S. Marshals Service all documents necessary to effect service on the defendant.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

**SO ORDERED.**

**Dated:**   **12/19/2022**
       **New York, New York**

_____
       **ANDREW L. CARTER, JR.**
       **United States District Judge**

## DEFENDANT AND SERVICE ADDRESS

Robin Carnahan
Administrator
General Services Administration
1800 F Street, N.W.
Washington, D.C. 20405-0002