**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **COLIN SCOTT KANA'I CORREA,** | |
| **Plaintiff,** | |
| **-against-** | **22-cv-10213 (ALC)** |
| **ROBIN CARNAHAN, ADMINISTRATOR, U.S. GENERAL SERVICES ADMINISTRATION** | |
| **Defendant.** | |
| **COLIN S.K. CORREA,** | |
| **Plaintiff,** | **23-cv-4968 (ALC)** |
| **-against-** | |
| **ROBIN CARNAHAN, ADMINISTRATOR, U.S. GENERAL SERVICES ADMINISTRATION** | **OPINION & ORDER** |
| **Defendant.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Colin S.K. Correa brings this action *pro se* against Defendant Robin Carnahan, Administrator, U.S. General Services Administration ("GSA") alleging race, color, sex, national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981 and alleging age discrimination in violation of the Age Discrimination in Employment Act of 1969 ("ADEA"). Specifically, Plaintiff alleges that he was discriminated against because: (1) he was removed from a temporary, unpaid, Diversity, Equity, Inclusion, and Accessibility ("DEIA") detail in March 2021, *Correa II* Complaint ("*Correa II* Compl."), ECF No. 1, at 5; and (2) he was not selected for GSA's Inclusion, Diversity, Equity and Accessibility Champions Program ("IDEA Program") in October 2021, *Correa I* Complaint ("*Correa I* Compl."), ECF No. 2, at 5.

1

Defendant now moves for dismissal of Plaintiff's Complaints pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for granting summary judgment in favor of the Defendant. Defendant's Motion, *Correa* I, ECF No. 34; Defendant's Motion, *Correa* II, ECF No. 23.[1] After careful review, Defendant's motion, is GRANTED. Plaintiff's ADEA claims are dismissed with prejudice; his Title VII claims are dismissed without prejudice.

## BACKGROUND

### I.    Factual Background

Plaintiff's complaints state that he is a gay man with a tan complexion who identifies as Native Hawaiian, Chinese, Portuguese, and Asian American/Pacific Islander. *Correa I* Compl., at 3–4; *Correa II* Compl., at 3–4. At the time of the allegedly discriminatory actions, Plaintiff was between 52 and 53 years old. *Correa I* Compl., at 4; *Correa II* Compl., at 4. Plaintiff is a Program Analyst at GSA. Declaration of Rebecca L. Salk ("Salk Decl."), Defendant's Motion, Ex. C at 3.

### A.    Plaintiff's Removal from DEIA Detail (*Correa* II Allegations)

Plaintiff alleges that on February 24, 2021, Ms. Mary Portko notified him of a 120-day Diversity, Equity, Inclusion, and Accessibility ("DEIA") detail with Darlene Smith, the director of GSA's Office of Human Capital Policies and Programs. *Correa II* Compl., at 5. On March 1, 2021, Plaintiff had a telephone conference with Smith, during which time he disclosed his race and sexual orientation. *Id.* During the meeting, Smith informed Plaintiff that "'all [DEIA] communications were to go through her'" prior to their issuance. Salk Decl., Ex. C at 3. Nevertheless, on March 2, 2021, Plaintiff sent a DEIA related communication to GSA staff and blind copied several high-level agency officials, including the acting GSA administrator, without obtaining Smith's permission. *Id*. Later that day, Smith emailed Plaintiff to remind him that she

---

[1] Because Defendant filed the same motion to address both *Correa* I and *Correa* II, the Court will refer to the motion as Defendant's Motion ("Deft. Mot.").

had to approve such communications prior to circulation. *Id.* at 3-4. Smith specifically noted that Plaintiff should not send "mass mail" to senior officials without specific authorization. *Id.* Plaintiff did not respond to this message. *Id.* at 4. On March 9, 2021, Plaintiff told Smith that he did not respond because he disagreed with the content of her email. *Id.* Two days later, on March 11, 2021, Smith informed Plaintiff by e-mail that his DEIA detail would not proceed because she believed that Plaintiff would "not be a cooperative employee." *Id.*; *Correa* II Compl. at 5. Smith cited Plaintiff's failure to respond to her e-mail, as well as an incident during which Plaintiff did not collaborate with a staff member on a project as instructed. Salk Decl., Ex. C at 4.

On July 1, 2021, Plaintiff filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which he alleged that he was discriminated against on the basis of his race, sex, and sexual orientation. Salk Decl., Ex. A. On April 11, 2023, the EEOC granted GSA's motion for summary judgment after finding "not one scintilla of evidence to link [Plaintiff's] protected categories to the [GSA's] actions." Ex. C at 4–5.

## B.    Plaintiff's Non-Selection for the IDEA Program (*Correa* I Allegations)

In October 2021, Plaintiff applied to GSA's Inclusion, Diversity, Equity and Accessibility Champions Program (the "IDEA Program"), a one-year program focused on diversity facilitation skills training for GSA employees. *Correa* I Compl. at 5; Salk Decl., Ex. D at 3. Information regarding the selection process and program eligibility requirements were provided at the beginning of the IDEA application and on GSA's internal website. *Id.* All applicants had to be available for an interview during the week of November 15, 2021. *Id.*

A panel of GSA employees conducted a "blind" evaluation of all applicants based on an established scoring rubric to determine who should be selected for an interview. *Id.* Of the fifty-one applicants, forty applicants were offered interviews, and thirty-seven applicants accepted the offer to interview. *Id.* Plaintiff was one of the forty applicants that successfully met the eligibility

3

requirements and was considered to have the requisite qualifications for the IDEA Program. *Id.* Accordingly, on November 17, 2021, Plaintiff received an e-mail inviting him to a 15-minute interview to take place on November 18, 2021, at 10:30 a.m. *Id.*; *Correa* I Compl. at 5. However, Plaintiff did not participate in his interview. Salk Decl., Ex. D. at 4.

On November 30, 2021, Plaintiff was notified by e-mail that he was not selected for the program because he did not participate in an interview. *Id.* On December 1, 2021, Plaintiff responded to that email by stating that he "was not available for an interview… due to a regularly scheduled branch meeting" and that the "interview meeting was scheduled before the Thanksgiving holiday week, when [he] was out of the office on leave" and therefore he "could not have had an alternative date." *Id*. Plaintiff maintains that he should have been contacted by telephone. *Correa* I Compl. at 5. He also alleges that there are no Asian American, Native Hawaiian, or Pacific Islander males among the twenty-five individuals who were ultimately selected for the IDEA Program. *Id.*

On February 11, 2022, Plaintiff filed a formal complaint of discrimination with the EEOC, in which he alleged that he was discriminated against on the basis of his race, color, and national origin. Salk Decl., Ex. B. On September 15, 2022, the EEOC granted GSA's motion for summary judgment. Salk Decl., Ex. D.

## II.    Procedural History

On December 1, 2022, Plaintiff filed a Complaint claiming that he was discriminated and retaliated against based on his race, color, sex, and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, because he was not selected for the GSA's IDEA Program. *See Correa* I Compl. at 3–5.   Plaintiff moved for

4

permission to proceed *in forma pauperis* ("IFP") and represented that his gross monthly income was $5,315. *Correa* I, ECF No. 1. Chief Judge Swain granted his application. See *Correa* I, ECF No. 3. On December 12, 2022, this Court *sua sponte* dismissed Plaintiff's Section 1981 claim. *Correa* I, ECF No. 5.

On June 12, 2023, Plaintiff brought another complaint ("Correa II"), claiming that he was discriminated against based on his race, color, sex, and age in violation of Title VII Section 1981, the ADEA, and the New York State Human Rights Law ("NYSHRL") because his DEIA detail assignment was terminated. *See Correa* II Compl. at 3–5. Plaintiff again moved for permission to proceed in forma pauperis, representing that his gross monthly income was $5,000 and, Plaintiff's application was granted by Chief Judge Swain. *Correa* II, Dkt. Nos. 2, 3. On June 30, 2023, this Court *sua sponte* dismissed Plaintiff's Section 1981 and NYSHRL claims. *Corea* II, ECF No. 5.

On March 11, 2024, Defendant filed a letter seeking a pre-motion conference concerning her anticipated motions to dismiss, or alternatively, for summary judgment, in both *Correa* I and *Correa* II. See *Correa* I, ECF No. 27; *Correa* II, ECF No. 15. On March 26, 2024, the Court denied Defendant's request for a pre-motion conference, but granted Defendant leave to file the motions. *Correa* I, ECF No. 30; *Correa* II, ECF No. 16. Defendant filed her Motion on June 28, 2024. *Correa* I, ECF No. 34; *Correa* II, ECF No. 23. Plaintiff filed his Opposition on July 25, 2024. *Correa* II, ECF No. 26. Defendant filed her Reply on August 16, 2024. *Correa* I, ECF No. 37; *Correa* II, ECF No. 27.

On March 12, 2025, the Court issued an Order to Show Cause why the Complaints should not be dismissed given that Plaintiff misrepresented his assets in filing IFP. *Correa* I, ECF No. 38; *Correa* II, ECF No. 28. On March 28, 2025, Plaintiff responded to the Order to Show Cause. *Correa* II, ECF No. 31. On April 15, 2025, the Court ordered Defendant to respond to Plaintiff's

March 28, 2025 letter. *Correa* I, ECF No. 42; *Correa* II, ECF No. 32. On April 22, 2025, Defendant responded, withdrawing her arguments to dismiss Plaintiff's Complaints based on 28 U.S.C. § 1915, the statute that governs IFP filings. *Correa* I, ECF No. 43; *Correa* II, ECF No. 33. For this reason, the Court will decide this case on the merits.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotations omitted). In particular, "the pleadings of a *pro se* plaintiff . . . should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed.*

6

*Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted).  Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

I.       Plaintiff has not exhausted his remedies as required by the ADEA.

Defendants contend that Plaintiff failed to exhaust his remedies for the ADEA claims in *Correa* I and *Correa* II. The ADEA "sets out a statutory administrative exhaustion requirement prior to filing suit." *Rusis v. International Business Machines Corp.,* 529 F. Supp. 3d 178, 199 (S.D.N.Y. 2021). "Exhaustion of administrative remedies through the EEOC is an essential element of the ADEA statutory scheme and, as such, a precondition to bringing such claims in federal court." *Feuer v. McFerran*, No. 22-CV-10433 (JW), 2025 WL 2773828 (S.D.N.Y. Sept. 29, 2025) (citing *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (cleaned up and internal quotation marks omitted). It is possible to bypass the exhaustion requirement if the plaintiff can show new discrimination claims are reasonably related to those brought in the EEOC charge. *See Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir. 1993). "In determining whether claims are reasonably related, the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Deravin v. Kerik,* 335 F.3d 195, 201 (2d Cir. 2003) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir.2002)).

 Defendants point out that Plaintiff does not allege any facts that he was discriminated based on his age in his EEOC charges. He only includes allegations that he was discriminated based on his race, color, national origin, and/or sex. Salk Decl., Ex. A; Salk Decl., Ex. B.

Therefore, the Court finds Plaintiff has not exhausted his remedies. Plaintiff's allegation of age discrimination is not reasonably related to his claims of race, color, national origin, and/or sex discrimination since it is too different from these other forms of discrimination. Thus, Plaintiff cannot get around the exhaustion requirement. There does not appear to be a way for Plaintiff to amend his Complaints to remedy this issue, so Plaintiff's ADEA claims are dismissed with prejudice.

II.     Even if Plaintiff had Exhausted His Remedies under the ADEA, Plaintiff has failed to state a claim under the ADEA. Plaintiff has also Failed to State a Claim under Title VII.

Under both the ADEA and Title VII, there is a burden-shifting framework, wherein "a plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination; it is then the defendant's burden to proffer a legitimate non-discriminatory reason for its actions; the final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014). To support a prima facie cade under both statutes, a plaintiff must allege: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Malloy v. Pompeo*, No. 18 Civ. 4756 (PGG), 2020 WL 5603793, at *15 (S.D.N.Y. Sept. 18, 2020).

A.     Plaintiff has failed to state a claim of discrimination in *Correa* II

As already mentioned in the failure to exhaust remedies section, Plaintiff does not include any allegations that he was subjected to discriminatory animus based on his age. However, even assuming arguendo that Plaintiff had included allegations of age discrimination, the Court finds Plaintiff has not met his burden. Plaintiff admits that he was removed from the 120-day detail

because he did not follow directions. *See Correa* II Compl. at 5. One day after being told by Ms. Smith that all communications needed to go through her, Plaintiff sent a mass email to GSA staff and senior officials. This was contrary to Ms. Smith's explicit instructions. *See* Salk Decl., Ex. C at 3-4. After this, Ms. Smith reminded Plaintiff via email about the communications needing to go through her, and Plaintiff did not respond because he disagreed with her position. *Id.* at 4. "When reviewing the plausibility of discrimination claims, [courts] may consider obvious alternative explanations for the adverse action." *Cancel v. Home Depot*, 488 F. App'x 520, 521 (2d Cir. 2012). Plaintiff's failure to follow directions provides an obvious alternative explanation to discrimination based on age, race, or sexual orientation.

While Smith may have been aware of Plaintiff's protected characteristics, at no point does Plaintiff link these characteristics to any actual discrimination. "Mere recitations of a plaintiff's membership in a protected class and a litany of incidents of poor treatment . . . do not pass muster [under Title VII and other anti-discrimination laws]." *Walker v. Triborough Bridge & Tunnel Auth.*, No. 21 Civ. 474 (VEC), 2021 WL 5401483, at *1 (S.D.N.Y. Nov. 18, 2021). For this reason, Plaintiff's discrimination claims in Correa II are dismissed without prejudice.

B.      Plaintiff fails to state a claim of discrimination in *Correa* I

Just like in Correa II, Plaintiff fails to demonstrate how his non-selection in the IDEA program was the result of discriminatory animus under the ADEA or Title VII. This is because Plaintiff acknowledges an obvious alternative explanation, his failure to complete an interview required by the application process. *Correa* I Compl. at 5. Plaintiff alleges that the people ultimately selected for the IDEA program were of different racial backgrounds than him. *Id.* However, this allegation, without more, is insufficient to show discriminatory animus. "[T]he mere fact that the [defendant has] hired people who are of a different race ... from [the plaintiff] does not suggest that the [defendant] failed to hire [the plaintiff] on account of her race." *Riddle v. Citigroup*,

No. 13 Civ. 6833 (AKH), 2014 WL 2767180, at *3 (S.D.N.Y. May 29, 2014). Because Plaintiff has not made factual assertions to allege that his non-selection was due to a protected characteristic, the Court dismisses his claims of discrimination in *Correa* I.

        C.      Plaintiff fails to state a claim of retaliation in *Correa* I.

Plaintiff is unable to make out a plausible claim for retaliation under the ADEA or Title VII. A *prima facie* case of retaliation under these statutes "is established by showing: '(1) [the employee] engaged in a protected activity; (2) [the] employer was aware of this activity; (3) the employer took adverse employment action against [the employee]; and (4) a causal connection exists between the alleged adverse action and the protected activity.'" *Fu v. Consol. Edison Co. of New York, Inc.*, 855 F. App'x 787, 791 (2d Cir. 2021) (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013)). At this time, the Court is unaware of any facts to support a causal link between Plaintiff's engagement in a protected activity and the GSA taking adverse action against Plaintiff. As Defendant points out, if anything, the record suggests that when considering Plaintiff for the IDEA program, GSA did a blind review. Salk Decl., Ex. D at 3. Plaintiff's retaliation claim is dismissed without prejudice.

## II.    CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED** without prejudice. Plaintiff has until April 16, 2026 to amend his Complaints to cure the issues cited above. Defendant does not need to request a pre-motion conference ahead of filing a Motion to Dismiss Amended Complaints and will have three weeks from the filing of Amended Complaints to file a motion. If Defendant chooses not to file another motion, they should file a letter with the Court on the day the motion would be due.

**SO ORDERED.**

**Dated: March 26, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**